# Exhibit E

OFFICE OF COUNSEL

SUITE 4000
2400 PRATT STREET
DUMC-3024
DURHAM, NORTH CAROLINA 27710
(919) 684-3955
(919) 684-8725 FAX

DUKE UNIVERSITY

DUKE UNIVERSITY
HEALTH SYSTEM

COPY

June 6, 2008

Mr. Robert C. Ekstrand, Esq.
811 9th Street
Durham, North Carolina 27705

Dear Bob,

This is in response to your letter of May 7, 2008 regarding your client Andrew Giuliani. You and Kate Hendricks of this office spoke and agreed this office would take the time needed to review the allegations set forth in your letter. We have now done so.

Our review undermines Andrew's recollection of the facts as presented to you and on which you apparently are relying. Without needing to respond point-by-point, we can say with confidence that Andrew's recollections and interpretations of the events you relate are not accurate. Coach Vincent's decision to cut Andrew from the team was not based on any single incident. Andrew's positive contributions to the team were outweighed by his negatives, including poor sportsmanship, a lack of respect for teammates and training staff, creating strained relationships among teammates, and undermining positive team dynamics. Although the complete lack of support from Andrew's returning teammates for him was an important consideration, it was Coach Vincent who came to the conclusion that Andrew could not continue as a member of the team.

In addition, there is no factual evidence whatsoever to suggest that Coach Vincent retaliated against Andrew in any way. Coach Vincent's notification to the Duke Pro Shop of Andrew's status does not constitute retaliation under any legal or common definition. Nor would placing a note on his car windshield about his need to change his parking location constitute retaliation. Not a single player supports your client's view that Coach Vincent pressured them into telling Andrew they did not want Andrew on the golf team.

Andrew's dismissal from the team is not a disciplinary action. The sanctions for disciplinary action as provided in the "Departmental Standards of Behavior" therefore are not applicable.

The determination of a coach to cut a player from a team is within the significant authority of the coach to decide. There is no evidence of unlawful behavior on Coach Vincent's part. Coach Vincent did not act in an arbitrary and capricious manner, as

Coach Vincent had sound reasons for his decision. Andrew has been afforded fundamental fairness and to my knowledge is a student in good standing, fully eligible to continue his studies at Duke University.

The proposed resolution you offer which would have the Duke University Office of Counsel making decisions about Andrew's athletic participation on the team and guaranteeing Andrew playing time in two tournaments is unworkable.

Andrew has been stating publicly that he has quit the team. Andrew may have concluded his future interests are best served by focusing on his academics and devoting more intensive private preparation to the golf career he wishes to pursue after college. If Andrew wishes to continue his education at Duke, Coach Vincent has indicated his willingness to help provide Andrew with access to academic support services and early registration. He remains strongly supportive of Andrew's continued education at Duke. If Andrew wishes to transfer, Duke University is happy to assist in his transition by releasing him from Duke under the one-time transfer exception.

If Andrew believes he has been mistreated, he may file a grievance pursuant to the Student-Athletic Grievance Policy provisions of the Athletic Policy Manual. That procedure can be found at:
    http://www.goduke.com/ViewArticle.dbml?DB_OEM_ID=4200&KEY=&ATCL_ID=194214.

Considering the recent email Andrew's mother sent to Provost Peter Lange, about which I was made aware today, you may wish to advise your client of this grievance procedure.

Sincerely yours,

Pamela J. Bernard
Vice President & General Counsel