## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF NORTH CAROLINA

ANDREW GIULIANI,

      Plaintiff,

          v.

DUKE UNIVERSITY and ORRIN DANIEL VINCENT, III,

      Defendants.

**Civil Action No. 1:08-cv-00502**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## TO STRIKE ELEMENTS OF THE ANSWER

Dated:  September 30, 2008

**EKSTRAND & EKSTRAND LLP**

/s/ Robert C. Ekstrand

_____

Robert C. Ekstrand, Esq. (NC Bar #26673)
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email:  rce@ninthstreetlaw.com
Phone: (919) 416-4590
*Counsel for Plaintiff Andrew Giuliani*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES.............................................................................................ii

NATURE OF THE MATTER BEFORE THE COURT.................................................... 1

STATEMENT OF THE FACTS ....................................................................................... 2

QUESTIONS PRESENTED ............................................................................................. 2

ARGUMENT.................................................................................................................... 2

    I.    THE COURT SHOULD STRIKE ALL SCANDALOUS, DEFAMATORY, IRRELEVANT AND IMPERTINENT MATERIAL PURSUANT TO RULE 12(F) .........................................................................................................2

    II.    THE COURT SHOULD EXAMINE THE ANSWER IN LIGHT OF RULE 8. .................................................................................................................... 4

    III.    EVEN IF NOT STRUCK FOR PURPOSES OF 12(F) OR 8(B), THE COURT SHOULD NOT CONSIDER AT THIS TIME EXHIBITS THAT DO NOT MEET STANDARDS FOR JUDICIAL NOTICE, OR THAT ARE NOT EXPLICITLY RELIED ON IN THE COMPLAINT...................................... 5

    IV.    THE COURT SHOULD STRIKE THE AFFIRMATIVE DEFENSE RELATING TO EXHAUSTION OF THE REMEDIES. ............................. 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Baucom v. Cabarrus Eye Center, P.A,* No. 06-CV-209, 2007 WL 1074663, at *2 (M.D.N.C. Apr. 4, 2007) ...................................................................................... 3

*Clark v. USDA-RHS,* No. 3:06-cv-457, 2007 WL 3112458, at *2 (W.D.N.C. Oct. 22, 2007) ....................................................................................................................... 6

*Corrias v. UnumProvident Corp,* 472 F.Supp.2d 685 (M.D.N.C. 2007) ......................... 11

*E.E.O.C. v. Boda Plumbing, Inc.,* No. 3:07-CV-00400-FDW, 2007 WL 4098483, at *1 (W.D.N.C. Nov. 16, 2007) ........................................................................................ 3

*Gladden v. Winston-Salem State Univ.,* 495 F. Supp. 2d 517 (M.D.N.C. 2007) ............... 6

*Gladden,* 495 F. Supp 2.d at 519 ...................................................................................... 6

*Henson v. CSC Credit Services,* 29 F.3d 280 (7th Cir. 1994) ........................................... 6

*Nessell v. Crown Life Ins. Co.,* 92 F. Supp. 2d 523 (E.D. Va. 2000) .............................. 10

*Norfolk Fed. of Bus. Dists. v. City of Norfolk.* 19 No. 96-CV-1746 96 WL 671293, at *1 (4th Cir. Nov. 20, 1996) .......................................................................................... 6

*O'Bryhim v. Reliance Standard Life Ins. Co.,* 997 F. Supp. 728 (E.D. Va. 1998) ............ 10

*Phillips v. LCI Intern, Inc.,* 190 F.3d 609 (4th Cir. 1999) ................................................. 6

*Salami v. Monroe,* No. 1:07CV621, 2008 WL 2981553, at *2 (M.D.N.C. Aug. 1, 2008) . 7

*Simaan, Inc. v. BP Products N. Am., Inc.,* 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) ...... 3

**RULES**

Fed. R. Civ. P. 12 ............................................................................................................. 9

Fed. R. Civ. P. 12(b) ........................................................................................................ 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 5, 6

ii

Fed. R. Civ. P. 12(c) ................................................................................................. 1, 6

Fed. R. Civ. P. 12(d) ............................................................................................. 1, 5, 10

Fed. R. Civ. P. 12(f) ........................................................................................... 1, 2, 3, 10

Fed. R. Civ. P. 56 ..................................................................................................... 1, 5

Fed. R. Civ. P. 8 ........................................................................................................ 1, 2

Fed. R. Civ. P. 8(b) ............................................................................................ 1, 2, 4, 5

Fed. R. Evid. 201 ...................................................................................................... 8, 9

Fed. R. Evid. 201(b) ..................................................................................................... 7

Fed. R. Evid. 408 .......................................................................................................... 7

Local R 7.2 ..................................................................................................................... 1

Local R 7.3 ..................................................................................................................... 1

 **FEDERAL COURT DOCUMENTS**

Samples of Answers to Complaint in the Middle District (attached as Ex. 1) .................... 5

*State Farm Mu. Auto Ins. Co. v. Riley,* 199 F.R.D. 276, (N.D. Ill. Feb. 26, 2001) (Exhibit

2 to the Motion) ...................................................................................................... 5

**NOW COMES THE PLAINTIFF** in the above-captioned matter, prior to submitting his Response to Defendants' Motion for Judgment on the Pleadings, and pursuant to LR 7.2 and 7.3, and submits this Memorandum in support of his Motion to Strike elements of the Defendants' Answer consistent with Federal Rules of Civil Procedure 8(b) and 12(f).

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff requests that this Court use its inherent authority to strike extraneous, defamatory and self-serving material from the Defendants' Answer that does not relate to any of its affirmative defenses. Additionally, the Plaintiff requests that the Court examine the exhibits attached to the Defendants' Answer to determine if they are proper for consideration in the context of a Rule 12(c) Motion at this time. The exhibits identified for the Court's consideration are not part of a previous court proceeding, are not relied on in the Complaint, and/or are not authenticated; as such, the Plaintiff moves to exclude them from consideration from 12(b)(6) and 12(c) motions, and objects to any conversion of this Motion into a Rule 56 motion by operation of Rule 12(d), prior to any opportunity to conduct discovery. Consistent with the foregoing, the Plaintiff respectfully requests that the Court examine the Defendants' Answer in the light of Federal Rule 8(b) and strike anything that it deems extraneous; the Answer makes new allegations that do not appear to be made for the purpose of asserting an affirmative defense, or any other purpose authorized by Rule 8. The Answer itself is longer than the complaint.

## STATEMENT OF THE FACTS

On July 23, 2008, Plaintiff filed this action. The Defendants filed an Answer to the Complaint and a Motion for Judgment on the Pleadings on September 10, 2008. Plaintiff is required to respond to the motion on September 30, 2008.

The Answer is fifteen pages longer than the original complaint, excluding exhibits, and is replete with new factual allegations and exhibits that are not explicitly relied on, or even mentioned, in the Complaint. The Answers to the allegations go well beyond the short clear statements indicating an affirmation, denial, or the lack of knowledge or belief as to the truth of the allegation required of the Defendants by Rule 8, and as such, all extraneous information should be struck. Additionally, much of this information, particularly that contained in the exhibits, is impertinent, scandalous, or immaterial, and therefore, should be struck under Rule 12(f) of the Federal Rules of Civil Procedure.

## QUESTIONS PRESENTED

1) Should the Court strike material as impertinent, redundant, or scandalous pursuant to Fed. R. Civ. P. 12(f)?

2) Should the Court strike elements of the pleadings as beyond the bounds of Fed. R. Civ. P. 8(b)?

3) Should the Court strike the exhibits from its consideration?

4) Should the Court strike the affirmative defense of exhaustion of the remedies?

## ARGUMENT

**I.      THE COURT SHOULD STRIKE ALL SCANDALOUS, DEFAMATORY, IRRELEVANT AND IMPERTINENT MATERIAL PURSUANT TO RULE 12(F)**

The Court may, on its own or by Motion of a party, "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

2

Fed. R. Civ. P. 12(f).  The Court may, on its own or by Motion of a party, "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This Court recently held that "A Rule 12(f) motion to strike functions to dispense with unnecessary or irrelevant issues before trial rather than wasting resources to litigate those issues" *Baucom v. Cabarrus Eye Center, P.A,* No. 06-CV-209, 2007 WL 1074663, at *2 (M.D.N.C. Apr. 4, 2007) "[A] motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material 'may prejudice the other party." *Id. a*t *2 (internal citations omitted); *see also Simaan, Inc. v. BP Products N. Am., Inc*., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005). Pleadings with new information that is "scandalous as well as immaterial and impertinent in that [the information] is entirely irrelevant to any of Plaintiff's claims" should be stricken via a Rule 12(f) motion.  *E.E.O.C. v. Boda Plumbing, Inc.,* No. 3:07-CV-00400-FDW, 2007 WL 4098483, at *1 (W.D.N.C. Nov. 16, 2007) (internal citations omitted).

Defendants' Answer is replete with straw-men that offer additional, often defamatory statements, which are irrelevant to the issues raised in the Complaint or misstate the factual basis of the complaint.  Chief among these are the notions that Andrew is a bad seed who deserved to be kicked off the team, Defs. Br. at 2-4; *see also* Ans. ¶¶ 18-22, Andrew's parents and family are bullies, Ans ¶ 41; Defs. Br. at 3-4, and Andrew's Lawyer acted unethically, Ans. ¶¶ 48-51.  These allegations serve no purpose. They do not admit or deny statements, nor are they for an affirmative defense.  Instead they are inaccurate, sensationalistic, scandalous and, serve only to defame and discredit the Plaintiff and those who associate with him.  Plaintiff requests that this Court use its

3

inherent authority to strike these extraneous, defamatory, and self-serving statements from the Defendant's Answer.

## II. THE COURT SHOULD EXAMINE THE ANSWER IN LIGHT OF RULE 8.

Parties may assert new facts as needed for the purposes of affirmative defenses; otherwise they are to respond in "short and plain terms" and "admit or deny the allegations asserted against by an opposing party." Fed. R. Civ. P. 8(c) and 8(b). Arguments that are verbose and beyond what is necessary for affirming or denying the allegation may be struck. *Hindleman v. Specialty Salesman Magazine*, 1 F.R.D. 272, 272 (N.D. Ill. May 1, 1940). According to Federal Rule of Civil Procedure 8(b); the response to a pleading must be short, concise and must respond to the allegations of the complaint. Fed. R. Civ. Pro 8(b).[1] Typically, when denying a complete paragraph,

---

[1]The complete Federal Rule 8(b) reads as follows:

(b) Defenses; Admissions and Denial

    (1) In General. In responding to a pleading, a party must:

        (A) state in short and plain terms its defenses to each claim asserted against it; and

        (B) Admit or deny the allegations asserted against it by an opposing party.

    (2) Denials — Responding to the Substance. A denial must fairly respond to the substance of the allegation.

    (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading — including the jurisdictional grounds — may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted .

4

Defendants do not attach qualifying statements or allege new factual assertions. (*See* Ex. 1 to the Motion, a sampling of Answers to Complaint in the Middle District). Recently, in the Northern District of Illinois the Court took lawyers to task for failing to stay within the "unambiguous path" of Rule 8(b) and attached an appendix outlining the proper language to use when asserting answers, legal conclusions, and affirmative defenses. *State Farm Mu. Auto Ins. Co. v. Riley,* 199 F.R.D. 276, (N.D. Ill. Feb. 26, 2001) (Exhibit 2 to the Motion). The Plaintiff requests that a similar approach be used here and all answers beyond the scope of the plain denial be stricken.

**III.      EVEN IF NOT STRUCK FOR PURPOSES OF 12(F) OR 8(B), THE COURT SHOULD NOT CONSIDER AT THIS TIME EXHIBITS THAT DO NOT MEET STANDARDS FOR JUDICIAL NOTICE, OR THAT ARE NOT EXPLICITLY RELIED ON IN THE COMPLAINT.**

Federal Rule of Civil Procedure 12(d) states that the failure to challenge the inclusion of documents extraneous to the pleadings from inclusion for consideration in Motions for the purpose of 12(b)(6) and 12(c), automatically converts the motion to one for summary judgment as under Federal Rule 56. Fed. R. Civ. P. 12(d). This Court has

---

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

5

held that exhibits to Answers and Motions in Rule 12 Actions, including 12(c) motions should only be considered if they fall into certain expectations; the decision of whether to consider a case or not is within the discretion of the court. *Gladden v. Winston-Salem State Univ.,* 495 F. Supp. 2d 517, 519 (M.D.N.C. 2007); *see also Henson v. CSC Credit Services,* 29 F.3d 280, 283 (7th Cir. 1994).

As Judge Tilley noted recently, "Documents extraneous to the Complaint, however, may be considered in certain circumstances without converting the Rule 12(b)(6) motion into a motion for summary judgment. Specifically, documents that are 'integral to and explicitly relied on in the complaint' may be considered if the authenticity of such documents is not in question. *Gladden,* 495 F. Supp 2.d at 519 (citing to *Phillips v. LCI Intern, Inc.,* 190 F.3d 609, 619 (4th Cir. 1999)).

Typically these authentication cases deal with public documents, such as court records in prior court proceedings whose authenticity cannot be questioned. Public Documents "may be considered by the Court in making its determination under Rule 12(b)(6) without converting the motion into one for summary judgment." *Norfolk Fed. of Bus. Dists. v. City of Norfolk.* 19 No. 96-CV-1746 96 WL 671293, at *1 (4th Cir. Nov. 20, 1996) ("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the *complaint*" emphasis added. ).[2]

---

[2] *See also Clark v. USDA-RHS,* No. 3:06-cv-457, 2007 WL 3112458, at *2 (W.D.N.C. Oct. 22, 2007) ("Despite the express language of Fed. R. Civ. P. 12(b), [ ] [t]he district court may also take judicial notice of 'matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment. Here, [the Defendant refers to] publicly-recorded papers from prior court proceedings. They meet the public records exception and [the Court] may consider them in deciding this motion to dismiss. The

6

Judge Beaty wrote "that a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Salami v. Monroe,* No. 1:07CV621, 2008 WL 2981553, at *2 (M.D.N.C. Aug. 1, 2008). Therefore, the broadest standard for consideration of an exhibit appears to be that of judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, meaning that it must "not be subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)

In this instance the Defendants have filed seven exhibits with their Answer. Ans. Exs. A-G. All of these exhibits fail to meet the basic criteria for consideration – that they be intrinsic to the Complaint and meet the standards laid out for judicial notice. Consequently, the Plaintiff asks that the Court either strike them from the pleadings or remove them from consideration at this time. The grounds for excluding each individual exhibit from consideration at this preliminary stage are as follows:

- Exhibit D, a letter from undersigned counsel to Duke's General Counsel, should not be considered for several reasons. Most importantly, the letter was clearly offered to Defendant Duke University's General Counsel for the purposes of settlement and is thus inadmissible under the Federal Rules of Evidence and therefore it should be stricken from the pleading.[3] Fed. R. Evid. 408. Secondly, the

---

undersigned will therefore consider references in the Defendant's motion to the extent that they were part of the public record in the Plaintiff's other actions filed in this Court as well as matters of public record in her state court actions.") (internal citations omitted).

[3] Federal Rules of Evidence 408. "Compromise and Offers to Compromise"

7

letter referred to several attachments, some of which are exhibits to the Complaint, but none of which are attached to Defendants' Motion.  Therefore, the letter is incomplete and as it is not a matter of public record, it is not ripe for judicial notice as defined in Rule 201.   Therefore even if not stricken, it should not be considered for purposes of a Rule 12 motion.

- Exhibit A, the February 11, 2008 Memorandum by O.D. Vincent is not mentioned in the Complaint.  Given that it is not a public document, authenticated or relied upon in the Complaint it should not be considered at this time.  Additionally, allegations in the Complaint include the allegation that O.D. Vincent fabricates statements, therefore, the document's reliability can be questioned and it is not ripe for judicial notice as defined in Rule 201.   Therefore even if not stricken, it should not be considered for purposes of a Rule 12 motion.

---

(a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

> (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim ; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice ; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."

8

- Exhibit B, the February 11, 2008 email from Andrew Giuliani, should also be removed as it is not authenticated, mentioned or, relied on or integral to the Complaint, and it is not a matter of public record. Therefore even if not stricken, it should not be considered for purposes of a Rule 12 motion.

- Exhibit C, the 2007-2008 Duke Men's Golf guide, fails for similar reasons. It is nowhere mentioned or relied on in the Complaint and is not alleged to have been part of the Contract, nor is it publicly or widely known as required for judicial notice. Additionally, it is not a document of public record nor was it widely known in the community. Its authenticity and reliability are not beyond question thus, it is not ripe for judicial notice as defined in Rule 201. Therefore even if not stricken, it should not be considered for purposes of a Rule 12 motion. Therefore, it should not be considered for purposes of a Rule 12 motion

- Exhibit E, the letter from Duke General Counsel, should be denied as it is not a matter of public record. While the Complaint does refer to this letter (Cmpl. ¶ 51), the contents of the letter are not matters of public record, nor are they intrinsic to the claims and thus should not be considered for the purposes of a Rule 12 motions, it is not ripe for judicial notice as defined in Rule 201. Therefore even if not stricken, it should not be considered for purposes of a Rule 12 motion.

- Exhibits F and G, communications from Duke Administrators to the Plaintiff's mother and step-father, are presumably entered for the purposes of asserting the affirmative defense that Duke recommended that the Plaintiff continue the grievance process even though the process had been subverted. These letters do not reflect the complete correspondence between any of the parties, and therefore, they are irrelevant. Additionally, these letters are neither mentioned in nor integral

9

to the Complaint.  Finally they are not matters of public record and thus, are not ripe for judicial notice as defined in Rule 201.   Therefore even if not stricken, they should not be considered for purposes of a Rule 12 motion.

If the exhibits are not removed, and the Court converts the motion to one for Summary Judgment per Federal Rule of Civil Procedure 12(d) the Plaintiff requests additional time to conduct full discovery prior to the Court's determination of the motion.  Fed. R. Civ. P. 12(d).

## IV. THE COURT SHOULD STRIKE THE AFFIRMATIVE DEFENSE RELATING TO EXHAUSTION OF THE REMEDIES.

As noted above, the Court may strike any insufficient defense, though such an action is viewed with disfavor.  Fed R. Civ. P. 12(f). *See Simaan,* 395 F. Supp. 2d 278 (M.D.N.C. 2005);   Courts may strike on their own motion an inadequate or insufficiently pled defense. Courts normally require that all remedies be exhausted in order to bring a claim, but "[i]n light of the strong rationale for exhaustion, courts may suspend this requirement only where a plaintiff makes a clear and positive showing that pursuit of administrative remedies would be futile.   For example, the plaintiff in *O'Bryhim v. Reliance Standard Life Ins. Co.,* 997 F. Supp. 728, 731 (E.D. Va. 1998), demonstrated futility by showing that the defendant insurance company failed to respond to three prior appeals. The plaintiff also showed that if he were to appeal on remand, the same individuals would again consider his claim. . Similarly, the court held in *Nessell v. Crown Life Ins. Co.,* 92 F. Supp. 2d 523, 529 (E.D. Va. 2000), that any further attempt to appeal would be futile where defendant (1) refused to turn over requested copies of plan documents and medical reports and (2) told plaintiff that its decision was final and

10

irrevocable." *Corrias v. UnumProvident Corp.* 472 F.Supp 2d 685, 688 (M.D.N.C. 2007) (internal citations omitted).

In this case, Plaintiff has alleged that the "grievance" process did not apply to cancellation of eligibility, afforded no possibility of a remedy, and has already been rendered a futility by General Counsel's Opinion Letter. Cmpl. ¶¶ 23-24. It was further subverted when the University's General Counsel upheld O.D. Vincent's illegal action and characterized it as proper and decided that the investigation was complete, thereby shutting off any possibility that the grievance procedure would or could remedy the situation. Cmpl. ¶¶ 51-55. Therefore, Plaintiff had in effect, exhausted all viable remedies and the grievance process would have been an exercise in futility. Consequently, this defense, and all new factual allegations and exhibits relating to it, should be struck.

Dated: September 30, 2008        Respectfully submitted,

EKSTRAND & EKSTRAND LLP

/s/ Robert C. Ekstrand

_____

Robert C. Ekstrand, Esq. (NC Bar #26673)
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Phone: (919) 416-4590
*Counsel for Plaintiff Andrew Giuliani*

11

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF NORTH CAROLINA

ANDREW GIULIANI,

     Plaintiff,

            v.

DUKE UNIVERSITY and ORRIN DANIEL VINCENT, III,

     Defendants.

**Civil Action No. 1:08-cv-00502**

CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2008, I electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ELEMENTS OF THE ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James Donald Cowan, Jr.
> Ellis & Winters, LLP
> 100 North Greene Street, Suite 102
> Greensboro, NC  27401
> *Counsel for Duke University and Orrin Daniel Vincent, III*
>
> Dixie Wells
> Ellis & Winters, LLP
> 100 North Greene Street, Suite 102
> Greensboro, NC 27401
> *Counsel for Duke University and Orrin Daniel Vincent, III*

James P. Cooney
Womble Carlyle Sandridge & Rice, PLLC
301 South College Street
One Wachovia Center, Suite 3500
Charlotte, NC 28202-6037
*Counsel for Duke University and Orrin Daniel Vincent, III*

Respectfully submitted,

**EKSTRAND & EKSTRAND LLP**

/s/ Robert C. Ekstrand

Robert C. Ekstrand, Esq.
NC Bar #26673
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Phone: (919) 416-4590
*Counsel for Plaintiff Andrew Giuliani*

2