IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:08-cv-502

|  |  |
|---|---|
| ANDREW GIULIANI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| DUKE UNIVERSITY and | ) |
| ORRIN DANIEL VINCENT III, | ) |
| | ) |
| Defendants. | ) |

**MOTION OF EDWARD C. CARRINGTON *ET AL.* TO APPEAR AS AMICI AND FOR LEAVE TO FILE BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Edward C. Carrington *et al.* respectfully move the Court to appear as amici and for leave to file a brief in support of Plaintiff's objections to the magistrate judge's Report and Recommendations. Amici's proposed brief is attached to this motion. Plaintiff consents to this motion. Defendants do not consent to this motion.

As explained further in the attached brief, Amici are current and former members of the Duke University lacrosse team. In a separate case, Amici have filed a complaint against Duke University and others, asserting claims arising out of false accusations that members of the Duke lacrosse team raped a woman in March 2006. *See Carrington v. Duke University*, No. 08-119 (M.D.N.C.).

Amici have a significant interest in the outcome of this case because Amici's complaint, like Plaintiff's, claims that Duke University was contractually bound by terms set forth in the Student Bulletin and other University publications—particularly the anti-harassment and

procedural-safeguards provisions—by promises made by a coach as an inducement to enroll, and by the covenant of good faith and fair dealing.

Amici respectfully contend that the magistrate judge here erred in concluding that the University was not contractually bound by similar terms and promises, and that the Court should therefore decline to adopt the magistrate judge's Report and Recommendation to the extent it depends upon the determination that there was no valid contract. Amici believe their brief will assist the Court in resolving the pending motion for judgment on the pleadings in this case by providing the Court with additional analysis of the key legal issue—whether Defendants were subject to any contractual obligations—beyond what Giuliani provides the Court in his brief.

June 19, 2009

**THOMAS, FERGUSON & MULLINS, LLP**

/s/ William J. Thomas

William J. Thomas, II
(N.C. Bar # 9004)
thomas@tfmattorneys.com
119 East Main Street
Durham, NC 27701
919-682-5648

Respectfully submitted,

**COOPER & KIRK, PLLC**

/s/ Charles J. Cooper
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
 (N.C. Bar # 31958)
dthompson@cooperkirk.com
David Lehn
dlehn@cooperkirk.com
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9600

*Attorneys for Amici Edward C. Carrington* et al.

2

## CERTIFICATE OF SERVICE

I hereby certify that, on June 19, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

James Donald Cowan, Jr.
ELLIS & WINTERS, LLP
100 North Greene Street, Suite 102
Greensboro, NC 27401
*Counsel for Defendants Duke University and Orrin Daniel Vincent, III*

Robert C. Ekstrand
EKSTRAND & EKSTRAND, LLP
811 Ninth St., Suite 260
Durham, North Carolina 27705
*Counsel for Plaintiff Andrew Guliani*

/s/David Lehn